**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **MARIO REED,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. 2:23-cv-02569-SHM-atc** |
| | ) | |
| **POPLAR ARTS LOFTS, LLC,** | ) | **JURY DEMAND** |
| **RENAISSANCE GROUP, INC.,** | ) | |
| **VINCENT D. SMITH, JR., and** | ) | |
| **POPLAR ARTS, L.P.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER OF DEFENDANT RENAISSANCE GROUP, INC. TO FIRST AMENDED COMPLAINT

COMES NOW the Defendant, Renaissance Group, Inc. (hereinafter "Renaissance Group"), and for its Answer to the First Amended Complaint that has been filed against it in this action, would state as follows:

## FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim against which relief can be granted as to this Defendant.

## SECOND AFFIRMATIVE DEFENSE

This action is barred by the applicable statute of limitations and/or statute of repose.

## THIRD AFFIRMATIVE DEFENSE

At all times material to the allegations in the First Amended Complaint, this Defendant performed its services on the project fully, properly, and in accordance with the applicable standard of care, thus barring Plaintiff's right of action against this Defendant as a matter of law.

1

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to sue in this matter, including but not limited to standing to sue for the removal of alleged barriers he did not encounter, alleged barriers he encountered but did not cause him any injury in fact, and/or alleged barriers which were unrelated to his alleged disability.

## FIFTH AFFIRMATIVE DEFENSE

To the extent a violation of the Fair Housing Act, American's with Disabilities Act, or any other applicable law, code, or standard exists in the Art Lofts @ Overton Apartments, this Defendant would state that all such violations are due to the acts, errors, and omissions of others for whom this Defendant is not liable, including, but not limited to, Compliance Support Associates, Inc. in failing to identify any such violation in the design documents prepared by Renaissance Group (to the extent any such violation existed in said documents) and/or Montgomery Martin Contractors in failing to construct the project in accordance with the design documents prepared by Renaissance Group, and Plaintiff's recovery against this Defendant, if any, should be reduced in proportion to the percentage of fault attributable to Compliance Support Associates, Inc. and Montgomery Martin Contractors pursuant to the Tennessee comparative fault statute.

## SIXTH AFFIRMATIVE DEFENSE

This Defendant avers and relies, to the extent allowed by law, on the defenses and limitations set forth in the Tennessee Civil Justice Act of 2011, including, but not limited to, the caps placed on non-economic damages pursuant to Tennessee Code Annotated § 28-39-102 and/or other provisions of the Civil Justice Act of 2011 relating to any defenses, jury instruction and/or other limitations upon liability or damages set forth in the Act.  This Defendant further

avers as affirmative defenses to punitive damages claims, to the extent allowed by law, the limitations, caps, defenses and procedures set forth in the Civil Justice Act of 2011, and incorporate those provisions herein by reference as though pleaded verbatim herein.

## SEVENTH AFFIRMATIVE DEFENSE

It is denied that punitive damages may be assessed against this Defendant and awarded to the Plaintiffs in this case under Tennessee law based upon the claims of the Plaintiffs and under the standards of *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896 (Tenn. 1992). It is further   denied that this Defendant can be held liable for punitive damages by law or that it was guilty of any action that would even merit a finding of liability, much less punitive damages.  Alternatively, this Defendant requests that any hearing regarding punitive damages be bifurcated in accordance with Tennessee law.

## EIGHTH AFFIRMATIVE DEFENSE

By way of further affirmative defense, this Defendant avers that the Plaintiff's claim for punitive damages is barred by the due process clause of the *United States Constitution*, Amendments 5 and 14, Section 1, and by the due process clause of the *Tennessee State Constitution.*

## NINTH AFFIRMATIVE DEFENSE

An award of punitive damages in this case against this Defendant would be unconstitutional, as punitive damage awards are not governed by any specific standards, are not based on rational distinctions, do no serve legitimate state interest, and thereby violate the due process and equal protection provisions of the Fourteenth Amendment to the *United States Constitution.*

### TENTH AFFIRMATIVE DEFENSE

The Plaintiff's demand for punitive damages violates the due process clause of the Fourteenth Amendment of the *United States Constitution*, in that the claim for punitive damages is vague and not rationally related to any legitimate government interest.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's demand for punitive damages violates the Sixth Amendment to the *United States Constitution*, in that the Plaintiff's claim for punitive damages is a claim that is penal in nature, entitling this Defendant to the same procedural safeguards accorded to a criminal defendant under the Sixth Amendment.

### TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff's demand for punitive damages violates the Self-Incrimination Clause of the Fifth Amendment of the *United States Constitution*, in that the damages claimed are penal in nature while this Defendant is required to disclose documents and/or evidence without the safeguard against self-incrimination as set out in the Fifth Amendment.  The Plaintiff's demand for punitive damages further violates the Fifth Amendment of the *United States Constitution* which prohibits depravation, life, liberty, or property except by the due process of law, in that the claim for punitive damages is vague and not rationally related to any legitimate government interest.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's demand for punitive damages violates the rights guaranteed by the *United States Constitution* in that the claim for punitive damages is penal in nature, yet the burden of proof on the Plaintiff is less than the "beyond a reasonable doubt" standard required by criminal cases.

## FOURTEENTH AFFIRMATIVE DEFENSE

And now, without waiving any of the above defenses, this Defendant would respond to the specific allegations of the Plaintiff's First Amended Complaint as follows:

1.      This Defendant admits that the Plaintiff's First Amended Complaint alleges violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. §§ 3601-3619 with regard to lack of accessibility at the Museum Lofts Apartments.  By way of further response, this Defendant denies that such violations exist, denies all claims of wrongdoing asserted against this Defendant, and denies that Plaintiff is entitled to any relief against this Defendant.

2.      To the extent the allegations of Paragraph 2 allege, infer, or imply wrongdoing on the part of this Defendant, said allegations are denied.

3.      This Defendant is without sufficient information to admit or deny the allegations of the first sentence of Paragraph 3, and demands strict proof thereof.  To the extent the remaining allegations of Paragraph 3 allege, infer, or imply wrongdoing on the part of this Defendant, said allegations are denied.

4.      To the extent the allegations of Paragraph 4 allege, infer, or imply wrongdoing on the part of this Defendant, said allegations are denied.

5.      Without admitting fault or wrongdoing, the allegations of Paragraph 5 are admitted upon information and belief.

6.      Without admitting fault or wrongdoing, the allegations of Paragraph 6 are admitted upon information and belief.

7.      Without admitting fault or wrongdoing, the allegations of Paragraph 7 are admitted upon information and belief.

8.      This Defendant is without sufficient information to admit or deny the allegations of Paragraph 8, and demands strict proof thereof.

9.      The allegations of Paragraph 9 are not directed toward this Defendant, and therefore, no response is required of this Defendant.  To the extent a response is required of this Defendant, said allegations are denied for lack of knowledge.

10.      The allegations of the first two sentences of Paragraph 10 are admitted.  The allegations of the remaining sentences in Paragraph 10 are denied as stated.

11.      The allegations of Paragraph 11 are not directed toward this Defendant, and therefore, no response is required of this Defendant.  To the extent a response is required of this Defendant, said allegations are denied for lack of knowledge.

12.      The allegations of Paragraph 12 are not directed toward this Defendant, and therefore, no response is required of this Defendant.  To the extent a response is required of this Defendant, said allegations are denied for lack of knowledge.

13.      The allegations of Paragraph 13 are not directed toward this Defendant, and therefore, no response is required of this Defendant.  To the extent a response is required of this Defendant, said allegations are denied for lack of knowledge.

14.     In response to the allegations of Paragraph 14, this Defendant would state that the legislative history surrounding the enactment of the Fair Housing Act speaks for itself, and to the extent the allegations of Paragraph 14 are inconsistent with said legislative history, the allegations are denied.

15.     In response to the allegations of Paragraph 15, this Defendant would state that the Fair Housing Act speaks for itself, and to the extent the allegations of Paragraph 15 are inconsistent with the FHA, said allegations are denied.

16.     In response to the allegations of Paragraph 16, this Defendant would state that the House Report speaks for itself, and to the extent the allegations of Paragraph 16 are inconsistent with said House Report, the allegations are denied.

17.     In response to the allegations of Paragraph 17, this Defendant would state that the Fair Housing Act Accessibility Guidelines speak for themselves, and to the extent the allegations of Paragraph 17 are inconsistent with said FHAAG, said allegations are denied.

18.     To the extent the allegations of Paragraph 18 are directed toward this Defendant, said allegations are denied.

19.     The allegations of Paragraph 19 are admitted upon information and belief.

20.     The allegations of Paragraph 20 are admitted upon information and belief.

21.     The allegations of Paragraph 21 are admitted upon information and belief.

22.     The allegations of Paragraph 22 are admitted upon information and belief.

23.     The allegations of Paragraph 23 are admitted upon information and belief.

24.     The allegations of Paragraph 24 are admitted upon information and belief.

25.     The allegations of Paragraph 25 are admitted upon information and belief.

26.     This Defendant is without sufficient information to admit or deny the allegations of Paragraph 26, and demands strict proof thereof.

27.     To the extent the allegations of Paragraph 27 allege, infer, or imply wrongdoing on the part of this Defendant, said allegations are denied.

28.     To the extent the allegations of Paragraph 28 allege, infer, or imply wrongdoing on the part of this Defendant, said allegations are denied.

29.     This Defendant is without sufficient information to admit or deny the allegations of Paragraph 29, and demands strict proof thereof.

30.     To the extent the allegations of Paragraph 30 allege, infer, or imply wrongdoing on the part of this Defendant, said allegations are denied.

31.     This Defendant is without sufficient information to admit or deny the allegations of Paragraph 31, and demands strict proof thereof.

32.     This Defendant is without sufficient information to admit or deny the allegations of Paragraph 32, and demands strict proof thereof.

33.     This Defendant is without sufficient information to admit or deny the allegations of Paragraph 33, and demands strict proof thereof.

34.     This Defendant is without sufficient information to admit or deny the allegations of Paragraph 34, and demands strict proof thereof.

35.     To the extent the allegations of Paragraph 35 allege, infer, or imply wrongdoing on the part of this Defendant, said allegations are denied.

36.     To the extent the allegations of Paragraph 36 are directed toward this Defendant, said allegations are denied.  To the extent the allegations of Paragraph 36 are not directed toward this Defendant, no response is required at this time.

37.     To the extent the allegations of Paragraph 37 are directed toward this Defendant, said allegations are denied.  To the extent the allegations of Paragraph 37 are not directed toward this Defendant, no response is required at this time.

38.     To the extent the allegations of Paragraph 38 are directed toward this Defendant, said allegations are denied.  To the extent the allegations of Paragraph 38 are not directed toward this Defendant, no response is required at this time.

39.     To the extent the allegations of Paragraph 39 are directed toward this Defendant, said allegations are denied.  To the extent the allegations of Paragraph 39 are not directed toward this Defendant, no response is required at this time.

40.     To the extent the allegations of Paragraph 40 allege, infer, or imply wrongdoing on the part of this Defendant, said allegations are denied.

41.     This Defendant incorporates by reference its responses to Paragraphs 1 through 40 of the First Amended Complaint as if set forth fully hereinafter.

42.     The allegations of Paragraph 42 are admitted upon information and belief.

43.     This Defendant is without sufficient information to admit or deny the allegations of Paragraph 43, and demands strict proof thereof.

44.     The allegations of Paragraph 44 are admitted upon information and belief.

45.     To the extent the allegations of Paragraph 45 allege, infer, or imply wrongdoing on the part of this Defendant, said allegations are denied.

46.     To the extent the allegations of Paragraph 46 allege, infer, or imply wrongdoing on the part of this Defendant, said allegations are denied.

AND NOW, having fully answered, this Defendant denies each and every allegation of the First Amended Complaint not previously addressed, denies that it caused or contributed to any of the Plaintiff's alleged damages, denies that it is liable to the Plaintiff in any sum or sums, and prays that this action be dismissed with costs taxed to the Plaintiff.

Respectfully submitted,

_/s/ Jefferson C. Orr_
Jefferson C. Orr, TN BPR No. 12743
SMITH CASHION & ORR, PLC
3100 West End Avenue
Suite 800 – One American Center
Nashville, TN  37203
(615) 742-8565 – Tel
jorr@smithcashion.com
*Attorney for Defendant Renaissance Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded if registered, via the Court's electronic filing system, or, if not registered, sent via regular United States Mail, postage prepaid to the following:

Eric G. Calhoun
Calhoun & Associates
1595 N. Central Expressway
Richardson, TX 75080
(214) 766-8100 – Tel
eric@ecalhounlaw.com
*Attorney for Plaintiff Mario Reed*

M. Todd Sandahl
234 First Avenue South
Franklin, TN 37064
(615) 794-3450 – Tel
tsandahl@mtslaw.com
*Co-Counsel for Plaintiff Mario Reed*

Jonathan E. Nelson
Bass, Berry & Sims, PLC
100 Peabody Place
Suite 1300
Memphis, TN 38103-3672
(901) 543-5988 – Tel
jenelson@bassberry.com
*Attorney for Defendants Vincent D. Smith, Jr. and Poplar Arts Lofts, LLC*

Jeremy Alpert
Glankler Brown, PLLC
6000 Poplar Ave.
Suite 400
Memphis, TN 38119
(901) 576-1791 – Office Tel
jalpert@Glankler.com
*Attorney for Defendant Poplar Arts, L.P.*

Joseph T. Getz
Brian L. Yoakum
Evans Petree, PC
1715 Aaron Brenner Dr.
Suite 800
Memphis, TN 38120
(901) 525-6781 – Tel
jgetz@evanspetree.com
byoakum@evanspetree.com
*Attorney for Defendant Montgomery Martin Contractors, LLC*

This 30th day of April, 2024.

_/s/ Jefferson C. Orr_