# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MARIO REED, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   No. 2:23-cv-02569-SHM-atc |
| POPLAR ARTS LOFTS, LLC, VINCENT D. SMITH, JR., RENAISSANCE GROUP, INC., AND POPLAR ARTS, L.P., | ) ) ) |
| | ) |
|    Defendants. | ) |

## DEFENDANTS POPLAR ARTS LOFTS, LLC AND VINCENT D. SMITH, JR.'S ANSWER TO AMENDED COMPLAINT

Defendants Poplar Arts Lofts, LLC ("Poplar Arts Lofts") and Vincent D. Smith, Jr. ("Mr. Smith," collectively with Poplar Arts Lofts, the "PAL Defendants"), by and through undersigned counsel, hereby respond to Plaintiff Mario Reed's ("Plaintiff") Amended Complaint (Doc. 23) ("Complaint") as follows:

### FAILURE TO STATE A CLAIM

The Complaint fails to state a claim upon which relief may be granted.

### RESPONSES TO SEPARATE PARAGRAPHS OF THE COMPLAINT

1. Paragraph 1 of the Complaint is Plaintiff's statement of the statutory basis of this lawsuit, and as such, requires no response from the PAL Defendants. To the extent any such response is required, the PAL Defendants deny Plaintiff has stated a claim for relief in the Complaint.

2. Paragraph 2 of the Complaint is Plaintiff's statement of the form of relief he seeks in this lawsuit, as well as the statutory basis for said relief, and as such, requires no response from the PAL Defendants. To the extent any such response is required, the PAL Defendants deny Plaintiff has suffered any injury or stated a claim entitling him to any form of damages.

3. The PAL Defendants admit Plaintiff brings this lawsuit under the accessibility requirements for new multifamily construction contained in the federal Fair Housing Act ("FHA"). The PAL Defendants further admit the Arts Lofts @ Overton apartment complex (the "Property") referred to in the third sentence of paragraph 3 is a "covered multifamily dwelling" under the FHA. Mr. Smith, in his individual/personal capacity, denies he is, or ever was, the owner or developer of such apartments as Plaintiff suggests when referring to "Defendants' apartment complex" in the second and third sentences of paragraph 3 of the Complaint. The PAL Defendants also deny the Property has "numerous barriers to access." The PAL Defendants further deny Poplar Arts Lofts—the original owner and developer of the Property—failed to design and/or construct any apartments at the Property with accessible and usable features of accessibility as required by the FHA. The PAL Defendants lack knowledge or information sufficient to either admit or deny the remaining allegations in paragraph 3 of the Complaint.

4. Denied.

5. Without admitting Plaintiff has stated a claim for relief, the PAL Defendants do not dispute the allegations in the Complaint are sufficient invoke federal question jurisdiction for purposes of 28 U.S.C. § 1331.

6. Without admitting Plaintiff has stated a claim for relief, the PAL Defendants do not dispute they are subject to personal jurisdiction in this Court.

7. Without admitting Plaintiff has stated a claim for relief, the PAL Defendants do not dispute venue is proper in this Court.

8. Paragraph 8 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the PAL Defendants admit "handicap" is a protected class under the FHA. The PAL Defendants otherwise lack knowledge or information sufficient to either admit or deny the allegations in paragraph 8 of the Complaint.

9. Without admitting Plaintiff has stated a claim for relief, the PAL Defendants admit the allegations in paragraph 9.

10. The PAL Defendants admit Renaissance Group, Inc. ("Renaissance") is the architect, and participated in the design, of the Property. The PAL Defendants lack knowledge or information sufficient to either admit or deny the remaining allegations in paragraph 10 of the Complaint.

11. Without admitting Plaintiff has stated a claim for relief, the PAL Defendants admit the allegations in the first sentence of paragraph 11. The allegations in the second sentence of paragraph 11 are denied. The PAL Defendants deny the allegations in the third and fourth sentences of paragraph 11 to the extent they call for Mr. Smith to answer such allegations in his individual and personal capacities. The PAL Defendants otherwise lack knowledge or information sufficient to either admit or deny the allegations in paragraph 11 of the Complaint.

12. The PAL Defendants admit Montgomery Martin Contractors, LLC ("Montgomery Martin"), is a contractor, and participated in the construction of the Property. The PAL Defendants lack knowledge or information sufficient to either admit or deny the remaining allegations in paragraph 12 of the Complaint.

13. The PAL Defendants admit upon information and belief Poplar Arts, L.P. is the current owner of the Property. The PAL Defendants lack knowledge or information sufficient to either admit or deny the remaining allegations in paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint is Plaintiff's restatement of the legislative history of the 1988 amendments to the FHA that added "handicap" as a protected class, and mandated certain features of accessibility for people with disabilities to be included in all covered new multifamily residential design and construction. As such, this paragraph requires no response. To the extent any such response is required, the PAL Defendants deny Plaintiff has stated a claim for relief in the Complaint.

15. Paragraph 15 of the Complaint and its subparts are Plaintiff's restatement of the specific statutory requirements for accessibility of covered new multifamily residential construction under the FHA. As such, this paragraph and its subparts require no response. To the extent any such response is required, the PAL Defendants deny Plaintiff has stated a claim for relief in the Complaint.

16. Paragraph 16 of the Complaint is Plaintiff's further restatement of additional legislative history of the 1988 amendments to the FHA that added "handicap" as a protected class, and mandated certain features of accessibility for people with disabilities to be included in all covered new multifamily residential design and construction. As such, this paragraph requires no response. To the extent any such response is required, the PAL Defendants deny Plaintiff has stated a claim for relief in the Complaint.

17. Paragraph 17 of the Complaint is Plaintiff's recitation of the United States Department of Housing and Urban Development's response to its statutory mandate "to provide

technical assistance" to implement the provisions of the amended FHA, and as such requires no response. To the extent any such response is required, the PAL Defendants deny Plaintiff has stated a claim for relief in the Complaint, or that the technical guidance or standards mentioned in paragraph 16 are mandatory for compliance with the FHA's accessibility requirements.

18. Denied.

19. The first sentence of paragraph 19 of the Complaint is Plaintiff's restatement of the FHA's private enforcement provisions and the second sentence is Plaintiff's restatement of the holding in *Trafficante v. Metropolitan Life Insurance Company*, 409 U.S. 205, 209 (1977). As such, this paragraph requires no response. To the extent any such response is required, the PAL Defendants deny Plaintiff has stated a claim for relief in the Complaint.

20. Paragraph 20 of the Complaint is Plaintiff's further restatement of the FHA's remedies provisions. As such, this paragraph requires no response. To the extent any such response is required, the PAL Defendants deny Plaintiff has stated a claim for relief in the Complaint.

21. Paragraph 21 is Plaintiff's further restatement of the holding in *Trafficante v. Metropolitan Life Insurance Company*. As such, this paragraph requires no response. To the extent any such response is required, the PAL Defendants deny Plaintiff has stated a claim for relief in the Complaint.

22. Admitted.

23. Admitted.

24. Paragraph 24 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the PAL Defendants admit the allegations in paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the PAL Defendants admit all units and all common and public use areas of the Property, including all ground floor units and units served by elevators, are subject to the accessibility requirements for covered new multifamily residential construction under the FHA, 42 U.S.C. § 3604(f)(3)(C).

26. The PAL Defendants lack knowledge or information sufficient to either admit or deny the allegations in the first, second, and third sentences of paragraph 26 of the Complaint. The allegations contained in the fourth sentence of paragraph 26 are denied.

27. Paragraph 27 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the PAL Defendants deny the allegations in paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the PAL Defendants deny the allegations in paragraph 28 of the Complaint.

29. The PAL Defendants lack knowledge or information sufficient to either admit or deny the allegations in paragraph 29 of the Complaint.

30. The first and second sentences of Paragraph 30 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the PAL Defendants deny the allegations in the first and second sentences of paragraph 30 of the Complaint. The PAL Defendants lack knowledge or information sufficient to either admit or deny the allegations in the third sentence of paragraph 30 of the Complaint.

31.     Paragraph 31 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the PAL Defendants deny the allegations in paragraph 31 of the Complaint.

32.     Paragraph 32 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the PAL Defendants deny the allegations in paragraph 32 of the Complaint.

33.     Paragraph 33 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the PAL Defendants deny the allegations in paragraph 33 of the Complaint.

34.     The first sentence of paragraph 34 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the PAL Defendants deny the allegations in the first sentence of paragraph 34 of the Complaint. The PAL Defendants lack knowledge or information sufficient to either admit or deny the allegations in the second sentence paragraph 34 of the Complaint, except they deny the inference that the Property is in need of remediation.

35.     Paragraph 35 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the PAL Defendants deny the allegations in paragraph 35 of the Complaint.

36.     Paragraph 36 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the PAL Defendants deny the allegations in paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the PAL Defendants deny the allegations in paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the PAL Defendants deny the allegations in paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the PAL Defendants deny the allegations in paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the PAL Defendants deny the allegations in paragraph 40 of the Complaint.

41. The PAL Defendants restate and adopt their answers to paragraphs 1-40 above.

42. Paragraph 42 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the PAL Defendants admit the allegations in paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the PAL Defendants deny the allegations in paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the PAL Defendants admit the allegations in paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the PAL Defendants deny the allegations in paragraph 45 of the Complaint.

46. Denied.

47. The PAL Defendants deny Plaintiff is entitled either to the relief requested in the Prayer of the Complaint, or to any other relief.

48. Any allegations not heretofore admitted, denied, or explained are hereby denied as if set forth with particularity and specifically denied.

## AFFIRMATIVE AND OTHER DEFENSES

A. Mr. Smith should be dismissed under Fed. R. Civ. P. 17.

B. Plaintiff lacks standing to sue in this matter, including but not limited to standing to sue for the removal of alleged barriers he did not encounter, alleged barriers he encountered but did not cause him any injury in fact, and/or alleged barriers which were unrelated to his alleged disability.

C. Plaintiff has suffered no injury or damage whatsoever, and has failed to state any claim for relief whatsoever with the Complaint. To the extent Plaintiff has incurred legal injury or damage or had stated a claim for any relief with the Complaint, such damage or claim for relief was caused by the negligence or fault of others for which the PAL Defendants are not responsible.

D. The Complaint includes allegations of statutory violations for which there is no evidentiary support, including alleged conditions or barriers to accessibility which Plaintiff could not, and did not, personally observe.

WHEREFORE, premises considered, the PAL Defendants pray for the following relief:

a. That all claims against the PAL Defendants raised in Plaintiff's Complaint be dismissed with prejudice;

b. That Judgment be entered in favor of the PAL Defendants;

c. That the PAL Defendants be granted their reasonable attorneys' fees, costs, and expenses incurred in connection with defending this action;

d. That the Court award any and all other relief that this Court deems appropriate.

Respectfully Submitted,

s/ Jonathan E. Nelson
Jonathan E. Nelson (TN# 28029)
**BASS, BERRY & SIMS PLC**
100 Peabody Place, Suite 1300
Memphis, Tennessee 38103
Tel: (901) 543-5988
Fax: (615) 742-6293
Email: jenelson@bassberry.com

*Counsel for Poplar Arts Lofts, LLC and Vincent D. Smith, Jr.*

**CERTFICATE OF SERVICE**

    The undersigned hereby certifies that on April 30, 2024, a copy of the foregoing was filed electronically using the Court's CM/ECF system, thereby automatically effecting electronic mail service upon all parties through their counsel of record.

                                     s/ Jonathan E. Nelson