**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **MARIO REED,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No. 2:23-cv-02569-SHM-atc** |
| **POPLAR ARTS LOFTS, LLC,** | ) | |
| **RENAISSANCE GROUP, INC.,** | ) | |
| **VINCENT D. SMITH, JR.,** | ) | |
| **POPLAR ARTS, L.P., and** | ) | |
| **MONTGOMERY MARTIN** | ) | |
| **CONTRACTORS, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ANSWER OF DEFENDANT POPLAR ARTS, L.P.**
**TO FIRST AMENDED COMPLAINT**

Comes now Defendant Poplar Arts, L.P. ("PALP"), by and through undersigned counsel, and submits its Answer to Plaintiff's First Amended Complaint.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to bring this action seeking the removal of alleged barriers he did not encounter, alleged barriers that did not cause him any injury in fact and/or alleged barriers that are unrelated to his alleged disability.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's First Amended Complaint is barred in whole or in part by the doctrine of unclean hands.

1

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to notify PALP of any alleged barriers Plaintiff encountered such that PALP could have offered reasonable accommodations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of statutory damages because Plaintiff was not actually deterred, impeded or deprived of equal access to PALP's public accommodations while seeking PALP's goods and services alleged in the First Amended Complaint.  If Plaintiff did, in fact, present himself at PALP's property, as alleged, Plaintiff did so for the specific purpose of attempting to find discriminatory access barriers and not for the purpose of actually availing himself of the goods and services offered by PALP.  Therefore, Plaintiff is not entitled to the damages sought in his First Amended Complaint.

## SIXTH AFFIRMATIVE DEFENSE

The First Amended Complaint includes allegations for statutory violations for which there is no evidentiary support, including alleged conditions or barriers to accessibility which Plaintiff could not and in fact did not personally observe.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any injury or damage whatsoever.  To the extent Plaintiff is determined to have incurred any injury or damage, such injury or damage was caused by the negligence or fault of others for which PALP is not and should not be responsible, including, but not limited to, any prior owner or developer, or any architect, contractor or consultant involved with the design, construction and compliance of the structure.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any injury or damage whatsoever.  To the extent Plaintiff is determined to have incurred any injury or damage, it is necessary that the proportionate degree of negligence, fault or legal responsibility attributable to any other parties, persons or entities be determined and apportioned.  Any potential judgment lodged against PALP must be reduced in proportion to the percentages of negligence and fault found to exist on the part of any other parties, persons or entities pursuant to the comparative fault laws of Tennessee.

## NINTH AFFIRMATIVE DEFENSE

PALP affirmatively avers that no act or omission on its part was intentional, fraudulent, malicious or reckless, under which the standards set forth in the State of Tennessee must be shown by clear and convincing evidence, and as such, any award of punitive damages is unwarranted and impermissible.  Plaintiff has failed to plead any facts sufficient to support allegations of intentional, fraudulent, malicious or reckless behavior or acts made with complete disregard for the welfare of the Plaintiff by PALP.

## TENTH AFFIRMATIVE DEFENSE

PALP avers that the claims for punitive and/or exemplary damages are not constitutionally permissible under the Tennessee or United States Constitution.  Tennessee law concerning punitive damages and Tennessee courts' application of same violate PALP's rights under the United States Constitution and related provisions of the Tennessee Constitution.

If permitted, Plaintiff's claims for punitive damages are limited and/or restricted by various holdings of the United States Supreme Court.  Further, if permitted, the Court must bifurcate the trial in this matter as provided in *Hodges v. S.C. Toof & Co.,* 833 S.W.2d 896 (Tenn. 1992).

## ELEVENTH AFFIRMATIVE DEFENSE

Now in answer to the specifically enumerated paragraphs of Plaintiff's First Amended Complaint, PALP states as follows:

1.      Paragraph 1 of the First Amended Complaint contains no factual allegations which require PALP's response.  To the extent any response is required, PALP denies any allegations directed at PALP and denies that Plaintiff is entitled to any relief against PALP.

2.      Paragraph 2 of the First Amended Complaint contains no factual allegations which require PALP's response.  To the extent Paragraph 2 attempts to summarize the FHA requirements, PALP states that the FHA is a statute that speaks for itself.  To the extent any further response is required, PALP denies any allegations directed at PALP and denies that Plaintiff is entitled to any relief against PALP.

3.      PALP is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 3 of the First Amended Complaint, and therefore denies same.  PALP admits that the apartment complex in question in this case is a multi-family apartment complex, but denies that it has numerous barriers to access. The remaining portions of Paragraph 3 of the First Amended Complaint contain no factual allegations which require PALP's response.  To the extent any further response is required, PALP denies any allegations directed at PALP and denies that Plaintiff is entitled to any relief against PALP.

4.      Denied.

5.      PALP admits that this Court has subject matter jurisdiction.  PALP denies that Plaintiff is entitled to the relief sought in the First Amended Complaint or to any relief against PALP.

6.      PALP admits that this Court has personal jurisdiction over PALP.  PALP denies that Plaintiff is entitled to the relief set forth in the First Amended Complaint or to any relief against PALP.

7.      PALP admits that venue is proper in this Court.  PALP denies that Plaintiff is entitled to the relief set forth in the First Amended Complaint or to any relief against PALP.

8.      PALP admits that "handicap" is a protected class under the FHA.  PALP is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 8 of the First Amended Complaint, and therefore denies same.

9.      PALP admits that Poplar Arts Lofts, LLC is the former owner of the property in question.  PALP is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 9 of the First Amended Complaint, and therefore denies same.

10.     Upon information and belief, PALP admits that Renaissance Group, Inc. was the architect that designed the improvements to the property in question and Renaissance Group, Inc. participated in the design and oversight of construction of improvements.  PALP is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 10 of the First Amended Complaint, and therefore denies same.

11.     Upon information and belief, PALP admits that Vincent D. Smith, Jr. is an individual located in Memphis, Tennessee.  PALP is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 11 of the First Amended Complaint, and therefore denies same.

12.     Upon information and belief, PALP admits Montgomery Martin Contractors, LLC, is a contractor and participated in the construction of the property.  PALP is without knowledge or

information sufficient to form a belief as to the remaining allegations of Paragraph 12 of the First Amended Complaint, and therefore denies same.

13.     PALP admits the factual allegations of Paragraph 13 of the First Amended Complaint, but denies that PALP is a necessary party, and denies Plaintiff is entitled to the relief sought in the First Amended Complaint or to any relief against PALP.

14.     Paragraph 14 of the First Amended Complaint contains no factual allegations to which PALP is required to respond.  The FHA is a statute that speaks for itself.  To the extent that any response is required, the allegations of Paragraph 14 are denied.

15.     Paragraph 15 of the First Amended Complaint contains no factual allegations to which PALP is required to respond.  The FHA is a statute that speaks for itself.  To the extent that any response is required, the allegations of Paragraph 15 are denied.

16.     Paragraph 16 of the First Amended Complaint contains no factual allegations to which PALP is required to respond.  The FHA is a statute that speaks for itself.  To the extent that any response is required, the allegations of Paragraph 16 are denied.

17.     Paragraph 17 of the First Amended Complaint contains no factual allegations to which PALP is required to respond.  The FHA is a statute that speaks for itself.  To the extent that any response is required, the allegations of Paragraph 17 are denied.

18.     Denied.

19.     Paragraph 19 of the First Amended Complaint contains no factual allegations to which PALP is required to respond.  The FHA is a statute that speaks for itself.  To the extent that any response is required, the allegations of Paragraph 19 are denied.

20.     Paragraph 20 of the First Amended Complaint contains no factual allegations to which PALP is required to respond.  The FHA is a statute that speaks for itself.  To the extent that any response is required, the allegations of Paragraph 20 are denied.

21.     Paragraph 21 of the First Amended Complaint contains no factual allegations to which PALP is required to respond.  The FHA is a statute that speaks for itself.  To the extent that any response is required, the allegations of Paragraph 21 are denied.

22.     Admitted.

23.     Upon information and belief, admitted.

24.     Admitted.

25.     Admitted.

26.     PALP is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the First Amended Complaint, and therefore denies same.

27.     PALP is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the First Amended Complaint, and therefore denies same.

28.     Denied.

29.     PALP is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the First Amended Complaint, and therefore denies same.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     PALP reincorporates its responses to the allegations contained in the preceding paragraphs 1 through 40 of this Answer as if fully set forth herein.

42.     Admitted.

43.     Denied.

44.     Upon information and belief, admitted.

45.     Denied.

46.     Denied.

All allegations of the First Amended Complaint not heretofore admitted or denied are hereby denied.

PALP denies that Plaintiff is entitled to the relief requested in the First Amended Complaint against PALP or to any relief against PALP whatsoever.

WHEREFORE, PALP prays that this Court enter an order dismissing Plaintiff's First Amended Complaint with prejudice, assessing costs against Plaintiff and in favor of PALP, and for all other and further relief, both general and specific, to which PALP may be entitled.

Respectfully submitted,

**GLANKLER BROWN, PLLC**

By: /s/ Jeremy G. Alpert
            Jeremy G. Alpert (TN #19277)
            6000 Poplar Avenue, Suite 400
            Memphis, Tennessee 38119
            Telephone: (901) 576-1791
            Facsimile: (901) 525-2389
            Email: jalpert@glankler.com

            *Attorneys for Defendant*
            *Poplar Arts, L.P.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon counsel of record by operation of the Court's electronic filing system this 30th day of April, 2024.

            /s/ Jeremy G. Alpert