# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| MARIO REED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No.: 2:23-cv-02569 |
| POPLAR ARTS LOFTS, LLC; | § | |
| RENAISSANCE GROUP, INC.; | § | |
| VINCENT D. SMITH, JR.; POPLAR | § | |
| ARTS, L.P.; and MONTGOMERY | § | |
| MARTIN CONTRACTORS, LLC, | § | |
| | § | |
| Defendants. | | |

## DEFENDANT MONTGOMERY MARTIN CONTRACTORS, LLC'S ANSWER TO FIRST AMENDED COMPLAINT

**COMES NOW** Defendant Montgomery Martin Contractors, LLC ("MMC"), by and through its counsel of record, pursuant to the Federal Rules of Civil Procedure, and hereby submits its Answer to Plaintiff Mario Reed's ("Reed" or "Plaintiff") First Amended Complaint, and would state as follows:

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to sue in this matter, including, but not limited to, standing to sue for removal of alleged barriers he did not encounter, alleged barriers that he encountered but did not cause him any injury in fact, and/or alleged barriers which were unrelated to his alleged disability.

**THIRD AFFIRMATIVE DEFENSE**

MMC denies that Plaintiff has suffered any injury or damage and denies that he is entitled to recover in the manner or form of his prayer for relief or in any other manner or form to recover from MMC any amounts or relief of any kind or nature whatsoever.

**FOURTH AFFIRMATIVE DEFENSE**

MMC asserts all defenses available under Rules 8 and 12 of the Federal Rules of Civil Procedure.

**FIFTH AFFIRMATIVE DEFENSE**

The claims made by Plaintiff are barred by the applicable statute of limitation.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands, waiver, estoppel, and/or laches.

**SEVENTH AFFIRMATIVE DEFENSE**

MMC denies that it has discriminated against the Plaintiff in any of the ways alleged in the First Amended Complaint or that he has been aggrieved by any conduct whether by commission or omission of MMC.

**EIGHTH AFFIRMATIVE DEFENSE**

At all times material and relevant to the allegations alleged in Plaintiff's First Amended Complaint, MMC operated in a reasonable, prudent manner in accordance with normal and standard industry practices for its operation and in compliance with any and all federal, state and local laws, rules and/or regulations.

**NINTH AFFIRMATIVE DEFENSE**

In the event the Plaintiff has failed to mitigate some or all of his alleged damages and/or injuries, Plaintiff's First Amended Complaint should be dismissed or Plaintiff's recovery, if any, should be reduced or barred accordingly.

**TENTH AFFIRMATIVE DEFENSE**

MMC has not violated any duty allegedly owed to the Plaintiff in tort, contract, or under any statute, rule, regulation, or otherwise, and therefore, is not liable to Plaintiff in the amount sued for or in any amount whatsoever.

**ELEVENTH AFFIRMATIVE DEFENSE**

The First Amended Complaint should be dismissed on the grounds that MMC furnished all labor, services, materials, and equipment in a good and workmanlike manner, consistent with industry standards, and in accordance with the contract documents.

**TWELFTH AFFIRMATIVE DEFENSE**

Any relief sought by Plaintiff must be reduced by his comparative fault or the fault of other third parties who provided labor, services, materials, and/or equipment to the subject project.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The First Amended Complaint should be dismissed because at no time did MMC warrant the adequacy of the contract documents or the plans and specifications.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The First Amended Complaint should be dismissed to the extent Plaintiff has failed to provide adequate notice of the alleged deficiencies and failing to give MMC any reasonable opportunity to cure any alleged deficiencies prior to filing suit.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's demands are not readily achievable as that term is defined in Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iv).

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's demands are not readily achievable, not reasonable, not required, and/or not technically feasible under the ADA, and would create an undue hardship for MMC, and may be prevented by architectural and other factors such as municipal building codes and/or ordinances.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's First Amended Complaint and the causes of action alleged therein are barred because the alleged violations are *de minimis* and non-actionable, as they do not materially impair Plaintiff's use of the physical property for its intended purpose. MMC asserts that *de minimis* violations of federal regulations are not actionable or enjoinable.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The modifications demanded by Plaintiff in this action constitute "fundamental alterations."

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's First Amended Complaint should be dismissed, in whole or in part, to the extent that any alleged violations are within recognized tolerances or variances and/or are in compliance with the oversight of all regulatory agencies.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's First Amended Complaint should be dismissed, in whole or in part, to the extent that local ordinances or laws prevent any modifications that may be sought without approval of appropriate regulatory and/or zoning boards.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to attorney's fees under *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Resources*, 532 U.S. 598, 121 S. Ct. 1835 (2001).

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of mootness to the extent that the barriers alleged by Plaintiff, if there were any, have been or will be remediated at the time this action is finally adjudicated.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

MMC avers that the First Amended Complaint includes allegations of statutory violations for which there is no evidentiary support, including alleged conditions or barriers to accessibility which Plaintiff could not and, in fact, did not personally observe.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

MMC avers that the First Amended Complaint is wholly devoid of factual allegations as to how Plaintiff alleges that MMC has violated FHA and/or the ADA and reserves the right to bring a Motion pursuant to Fed. R. Civ. P. 12(e) or otherwise to address Plaintiff's deficient pleading of a cause of action against MMC.

Now, in answer to the specifically enumerated paragraphs of Plaintiff's First Amended Complaint, MMC states as follows:

1. Paragraph 1 of the First Amended Complaint is Plaintiff Mario Reed's statement of the statutory basis of this action and a description of the allegations of the lawsuit, and, as such, requires no response from MMC. To the extent any response is required, MMC denies that Plaintiff has stated any colorable claim for relief in his Complaint and specifically denies that it

violated the Fair Housing Act, Title VII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619 (the "FHA").

2. Paragraph 2 of the First Amended Complaint is Plaintiff's statement of the form of relief he seeks, as well as the statutory basis for said relief, and as such, requires no response from MMC. To the extent any response is required, MMC denies that Plaintiff has suffered any injury or stated any claim entitling him to any form of damages and denies that it is liable to Plaintiff for any such relief whatsoever. MMC further states that the cited statute speaks for itself. MMC further expressly denies any and all additional allegations contained in Paragraph 2 of the First Amended Complaint and demands strict proof thereof.

3. MMC admits the allegations of Paragraph 3 of the First Amended Complaint that Plaintiff brings this action pursuant to the accessibility requirements for new multifamily construction contained in the FHA. MMC further admits that portions of the Property, as defined in the First Amended Complaint, are "covered multifamily dwellings" under the FHA. MMC denies that the property has "barriers to access" in any covered area and denies that MMC designed the Property and that MMC failed to construct the Property with accessible and usable features of accessibility as required by the FHA. MMC further denies that Plaintiff is entitled to any declaratory or injunctive relief based on the allegations in the First Amended Complaint. MMC is without sufficient knowledge or information to either admit or deny the remaining allegations in Paragraph 3 of the First Amended Complaint, and therefore, these allegations are denied, and strict proof is demanded thereof.

4. MMC denies the allegations in Paragraph 4 of the First Amended Complaint and strict proof is demanded thereof.

5.      In response to Paragraph 5 of the First Amended Complaint, MMC admits that the Plaintiff brought claims under various federal statutes.  MMC admits that this Court has subject matter jurisdiction over this First Amended Complaint, without admitting that Plaintiff has stated any colorable claim for relief by this First Amended Complaint.  MMC specifically denies that it has violated any cited statutes, regulations, or rules or that it owes any duty to the Plaintiff.  MMC further denies that the Plaintiff has standing to bring this action, and that in the alternative, the action is moot.  MMC further denies that the First Amended Complaint pleads a basis for subject matter jurisdiction under 42 U.S.C. § 12188.

6.      MMC admits that it has done business in this judicial district but denies the remaining allegations in Paragraph 6 of the First Amended Complaint.

7.      MMC admits that venue is proper in this judicial district but denies the balance of the remaining allegations of Paragraph 7 of the First Amended Complaint.

8.      Paragraph 8 of the First Amended Complaint calls for legal conclusions or asserts questions of law for the Court to determine; therefore, no response is required.  To the extent a response is required, MMC admits that "handicap" is a protected class under the FHA.  To the extent Paragraph 8 of the First Amended Complaint contains any factual allegations, MMC is without knowledge or information sufficient to form a belief as to the truth or falsity of, and on that basis, denies all factual allegations in Paragraph 8 of the First Amended Complaint and demands strict proof thereof.

9.      MMC is without knowledge or information sufficient to form a belief as to the truth or falsity of, and on that basis, denies all factual allegations in Paragraph 9 of the First Amended Complaint and demands strict proof thereof.

10. MMC is without knowledge or information sufficient to form a belief as to the truth or falsity of, and on that basis, denies all factual allegations in Paragraph 10 of the First Amended Complaint and demands strict proof thereof.

11. MMC is without knowledge or information sufficient to form a belief as to the truth or falsity of, and on that basis, denies all factual allegations in Paragraph 11 of the First Amended Complaint and demands strict proof thereof.

12. MMC admits that its entity status, principal office, and registered agent for service of process are identified correctly. MMC admits that it was a contractor and participated in the construction of the Property. MMC further admits that it hired various contractors to construct the Property.

13. MMC is without knowledge or information sufficient to form a belief as to the truth or falsity of, and on that basis, denies all factual allegations in Paragraph 13 of the First Amended Complaint and demands strict proof thereof.

14. Paragraph 14 of the First Amended Complaint is Plaintiff's restatement of the legislative history of the 1988 amendments to the FHA that added "handicap" as a protected class and mandated certain features of accessibility for people with disabilities to be included in all covered new multifamily residential design and construction. Thus, this paragraph calls for legal conclusions or asserts questions of law for the Court to determine; therefore, no response is required from MMC. To the extent a response is required, MMC denies that Plaintiff has stated a colorable claim for relief in this First Amended Complaint. To the extent that Paragraph 14 of the First Amended Complaint contains any factual allegations, such allegations are denied, and strict proof is demanded thereof.

15. Paragraph 15 of the First Amended Complaint, including subparts (a) through (f), are Plaintiff's restatement of the specific statutory requirements for accessibility of covered new multifamily residential construction under the FHA, specifically 42 U.S.C. § 3604(f)(3)(C). Thus, this paragraph calls for legal conclusions or asserts questions of law for the Court to determine; therefore, no response is required. To the extent a response is required, MMC denies that Plaintiff has stated a colorable claim for relief in this First Amended Complaint. To the extent that Paragraph 15 contains any factual allegations, such allegations are denied, and strict proof is demanded thereof.

16. Paragraph 16 of the First Amended Complaint is Plaintiff's further restatement of additional legislative history of the 1988 amendments to the FHA that added "handicap" as a protected class and mandated certain features of accessibility for people with disabilities to be included in all covered new multifamily residential design and construction. Thus, this paragraph calls for legal conclusions or asserts questions of law for the Court to determine; therefore, no response is required. To the extent a response is required, MMC denies that Plaintiff has stated a colorable claim for relief in this First Amended Complaint. To the extent that Paragraph 16 of the First Amended Complaint contains any factual allegations, such allegations are denied, and strict proof is demanded thereof.

17. Paragraph 17 of the First Amended Complaint is Plaintiff's recitation of the United States Department of Housing and Urban Development's response to its statutory mandate "to provide technical assistance" to implement the provisions of the amended FHA. Thus, this paragraph calls for legal conclusions or asserts questions of law for the Court to determine; therefore, no response is required. To the extent a response is required, MMC denies that Plaintiff has stated a colorable claim for relief in this First Amended Complaint. To the extent that

Paragraph 17 of the First Amended Complaint contains any factual allegations, such allegations are denied, and strict proof is demanded thereof.

18. MMC denies the allegations in Paragraph 18 of the First Amended Complaint.

19. Paragraph 19 of the First Amended Complaint contains no factual allegations to which MMC is required to respond. The FHA is a statute that speaks for itself. To the extent that any response is required, the allegations in Paragraph 19 are denied.

20. Paragraph 20 of the First Amended Complaint contains no factual allegations to which MMC is required to respond. The FHA is a statute that speaks for itself. To the extent that any response is required, the allegations in Paragraph 20 are denied.

21. Paragraph 21 of the First Amended Complaint contains no factual allegations to which MMC is required to respond. The FHA is a statute that speaks for itself. To the extent that any response is required, the allegations in Paragraph 21 are denied.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. MMC is without knowledge or information sufficient to form a belief as to the truth or falsity of, and on that basis, denies the allegations in Paragraph 26 of the First Amended Complaint that "Plaintiff recently visited the Property" and demands strict proof thereof. MMC denies that the Property has accessibility barriers that would interfere with the ability to access and use the residential facilities. MMC is without knowledge or information sufficient to form a belief as to the truth or falsity of, and on that basis, denies the remaining allegations in Paragraph 26 of the First Amended Complaint and demands strict proof thereof.

27. MMC denies the allegations in Paragraph 27 of the First Amended Complaint.

28. MMC denies the allegations in Paragraph 28 of the First Amended Complaint.

29. MMC is without knowledge or information sufficient to form a belief as to the truth or falsity of, and on that basis, denies the allegations in Paragraph 29 of the First Amended Complaint and demands strict proof thereof.

30. MMC denies the allegations in Paragraph 30 of the First Amended Complaint.

31. MMC denies the allegations in Paragraph 31 of the First Amended Complaint.

32. MMC denies the allegations in Paragraph 32 of the First Amended Complaint.

33. MMC denies the allegations in Paragraph 33 of the First Amended Complaint.

34. MMC denies the allegations in Paragraph 34 of the First Amended Complaint.

35. MMC denies the allegations in Paragraph 35 of the First Amended Complaint.

36. MMC denies the allegations in Paragraph 36 of the First Amended Complaint, including subparts (g) through (h).

37. MMC denies the allegations in Paragraph 37 of the First Amended Complaint, including subpart (i).

38. MMC denies the allegations in Paragraph 32 of the First Amended Complaint, including subpart (j).

39. MMC denies the allegations in Paragraph 39 of the First Amended Complaint, including subparts (k) through (o).

40. MMC denies the allegations in Paragraph 40 of the First Amended Complaint.

41. MMC incorporates the responses to the preceding paragraphs as if set forth verbatim herein.

42. Admitted.

43. MMC denies the allegations in Paragraph 43 of the First Amended Complaint.

44. Admitted.

45. MMC denies the allegations in Paragraph 45 of the First Amended Complaint, including subparts (p) through (s).

46. MMC denies the allegations in Paragraph 46 of the First Amended Complaint.

47. MMC specifically denies that the Plaintiff is entitled to any of the relief sought in his "PRAYER FOR RELIEF" subsection of his First Amended Complaint, including subparts (a) through (h).

48. To the extent that MMC has failed to respond to any of the separately numbered paragraphs of Plaintiff's First Amended Complaint, such allegations are specifically denied, and strict proof is demanded thereof.

49. MMC reserves the right to amend its Answer and plead additional defenses and to plead its defenses more specifically at the conclusion of its investigation and discovery in this matter.

**WHEREFORE, PREMISES CONSIDERED**, MMC, in fully answering the First Amended Complaint against it, respectfully prays for relief as follows:

1. Plaintiff takes nothing by way of the First Amended Complaint;

2. MMC be immediately dismissed with prejudice from this action;

3. The First Amended Complaint be dismissed with prejudice in its entirety;

4. Judgment be entered in favor of MMC;

5. MMC be granted its reasonable attorneys' fees, costs including discretionary costs, and expenses; and

6. The Court award MMC such other and further relief as it deems just and appropriate.

                                             Respectfully submitted,

                                             **EVANS | PETREE PC**

                                             /s/Brian L. Yoakum
                                             Brian L. Yoakum (TN BPR No. 24811)
                                             Joseph T. Getz (TN BPR No. 10964)
                                             1715 Aaron Brenner Dr., Suite 800
                                             Memphis, Tennessee 38120
                                             Telephone: (901) 525-6781
                                             byoakum@evanspetree.com
                                             jgetz@evanspetree.com
                                             *Attorneys for Montgomery Martin Contractors, LLC*

## CERTIFICATE OF SERVICE

     I certify that a true and exact copy of the foregoing was delivered on the 30th day of April 2024, via the Court's ECF Filing System to the following:

| | |
|---|---|
| Eric G. Calhoun<br>Calhoun & Associates<br>1595 N. Central Expressway<br>Richardson, TX 75080<br>eric@ecalhounlaw.com<br>*Attorney for Plaintiff* | M. Todd Sandahl<br>Attorney at Law<br>234 First Avenue South<br>Franklin, TN 37064<br>tsandahl@mtslaw.com<br>*Attorney for Plaintiff* |
| Jefferson C. Orr<br>Smith, Cashion & Orr, PLC<br>3100 West End Avenue, Ste. 800<br>One American Center<br>Nashville, TN 37203<br>jorr@smithcashion.com<br>*Attorney for Renaissance Group, Inc.* | Jonathan Edward Nelson<br>Bass, Berry & Sims, PLC<br>The Tower at Peabody Place<br>100 Peabody Place, Ste. 1300<br>Memphis, TN 38103<br>jenelson@bassberry.com<br>*Attorney for Poplar Arts Lofts, LLC<br>and Vincent D. Smith, Jr.* |
| Jeremy G. Alpert<br>Glankler Brown, PLLC<br>6000 Poplar Avenue, Ste. 400<br>Memphis, TN 38119<br>jalpert@glankler.com<br>*Attorney for Poplar Arts, L.P.* | |

                                             /s/Brian L. Yoakum
                                             Certifying Attorney